NO. 07-02-0405-CR


NO. 07-02-0406-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 10, 2002



______________________________




TIMOTHY LEE PHILLIPS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NOS. 39,608-B & 39,434-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Following orders of the trial court adjudicating him guilty of aggravated assault with
a deadly weapon in cause number 39,608-B and burglary of a building in cause number
39,434-B, appellant Timothy Lee Phillips, Jr. filed pro se notices of appeal. Both the trial
court clerk and court reporter filed and were granted extensions of time in which to file their
records due to nonpayment. Considering appellant's incarceration and pro se status, we
now abate the appeal and remand the cause to the trial court for further proceedings.

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute these appeals; and

 2. whether appellant is indigent and entitled to appointed counsel and
preparation of a clerk's record and a reporter's record.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue these appeals and is indigent, then the trial court shall
also take such measures as may be necessary to assure appellant effective assistance
of counsel, which may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental records with the
Clerk of this Court by Monday, February 10, 2003.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



containing methamphetamine fell out of D.T.'s shorts and onto the
pavement. Nelson observed the baggie despite D.T. placing his foot on it in an attempt to
conceal it. D.T. was arrested and turned over to the juvenile probation office.

 Appellant was arrested on an outstanding warrant for violations of community
supervision. After receiving his Miranda warnings and executing a waiver of his rights, he
expressed a willingness to work as an informant for law enforcement and agreed to speak
with Deputy Sheriff Tommy Headrick and Michael T. Hanley, an FBI agent. Among other
things, Appellant confessed to delivering methamphetamine to D.T.

 By the Anders brief, counsel raises two arguable issues and then explains why no
reversible error is presented. The first arguable issue is directed at the voluntariness of
Appellant's confession. Voluntariness of a confession is determined based on an
examination of the totality of the circumstances surrounding its acquisition. See Wyatt v.
State, 23 S.W.3d 18, 23 (Tex.Crim.App. 2000). Counsel acknowledges that the recorded
interview between Appellant and law enforcement officers shows that no promises were
made to Appellant in exchange for his confession. Despite Appellant's testimony that he
believed the officers would get him a "deal" in exchange for information, the recorded
interview demonstrates otherwise. The interview also shows that Appellant was read his
rights and understood them.

 The second arguable issue is whether prosecution for delivery of a controlled
substance under § 481.112 of the Texas Health and Safety Code, (2) and prosecution for
delivery of a controlled substance to a child under § 481.122, where the underlying facts
involve one delivery of one controlled substance to one person, violates double jeopardy. 
There are three distinct types of double jeopardy claims: (1) a second prosecution for the
same offense after an acquittal; (2) a second prosecution for the same offense after
conviction; and (3) multiple punishments for the same offense. Bigon v. State, Nos. PD-1769-06, PD-1771-06, 2008 WL 141929, at *7 (Tex.Crim.App. Jan. 16, 2008); Langs v.
State, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). Likewise, there are two distinct
contexts in which a multiple punishments claim can arise: (1) the lesser-included offense
context, in which the same conduct is punished twice; once for the basic conduct, and a
second time for the same conduct plus more; and (2) punishing the same criminal act twice
under two distinct statutes when the Legislature intended the conduct to be punished only
once. Bigon, at *7; Langs, 183 S.W.3d at 685. In examining whether two offenses are the
"same offense" for double jeopardy purposes in the context of a multiple punishments
claim involving two distinct statutes, the ultimate question is whether the Legislature
intended to allow the same conduct to be punished under both statutes. Bigon, at *8. In
this case the legislative intent is clear. If conduct that is an offense under § 481.122 is also
an offense under another section of Chapter 481 of the Texas Health and Safety Code
(e.g. § 481.112) , the actor may be prosecuted under either section or both. § 481.122(e)
(emphasis added). Thus, as counsel concludes, there was no double jeopardy violation.

 Furthermore, we have conducted a thorough and independent examination of the
entire record and agree with counsel that there are no non-frivolous grounds which might
support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). See also Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed. (3)

 Patrick A. Pirtle

 Justice


 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. All section references are to the Texas Health and Safety Code (Vernon 2003 &
Supp. 2007).
3. Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1,
2007), we remind counsel of the duty to inform Appellant within five days after the date of
this opinion to send a copy of the opinion and judgment together with notification of
Appellant's right to file a pro se petition for discretionary review.